**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHAWN ATKINSON,

          Petitioner-Appellant,

v.

DEREK SCHMIDT, Attorney General
of State of Kansas,

          Respondent-Appellee.

No. 12-3039
(D.C. No. 5:10-CV-0317-SAC)
(D. of Kan.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Shawn Atkinson, a Kansas state prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Atkinson's filing liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Nonetheless, no reasonable jurist could conclude the district court's dismissal was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we DENY the application for a COA and DISMISS the appeal.

## I. Facts

Atkinson was convicted of one count of rape in Kansas state court and sentenced to 155 months' imprisonment. The Kansas Court of Appeals affirmed the conviction and sentence. *State v. Atkinson*, 92 P.3d 1147 (Kan. Ct. App. 2004) (unpublished table decision) (*Atkinson I*). The state district court denied Atkinson's motion for post-conviction relief pursuant to K.S.A. § 60-1507, and the Kansas Court of Appeals affirmed the denial. *Atkinson v. State*, 195 P.3d 291 (Kan. Ct. App. 2008) (unpublished table decision) (*Atkinson II*). Atkinson then sought federal habeas relief on the basis of ineffective assistance of counsel in his state criminal case.

Atkinson argued that his counsel was ineffective for two reasons, (1) failing to advise him of the potential sentence for a rape conviction, causing him to reject a plea offer; and (2) failing to object to the admission of a rape kit as evidence in his criminal trial. The Kansas Court of Appeals previously reviewed both claims on the merits, and the district court below denied Atkinson's motion for relief. Atkinson's petition for a COA raises only the first issue, whether counsel provided ineffective assistance during a plea negotiation.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). To receive a COA, the applicant must demonstrate a "substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a state court has adjudicated a claim on the merits, as here, a federal court may grant habeas relief only if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). A state court's factual findings are presumed to be correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

Atkinson claims that his retained defense counsel was ineffective for failing to advise him of the potential sentence for a rape conviction, and encouraging him

to reject the state's offer, which would have reduced the charge to a Class B misdemeanor for battery and a one-year term of unsupervised probation, in exchange for a guilty plea.

The Sixth Amendment guarantees the right of a state criminal defendant to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To demonstrate a constitutional violation, the petitioner must show that counsel's performance was deficient, and that the defendant was prejudiced by the deficient performance. *Id.* at 687. This two-pronged approach also applies to the plea bargaining process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009). But "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed," and counsel's performance does not need to be assessed. *Strickland*, 466 U.S. at 697.

The record confirms that Atkinson was made aware of the state's offer immediately prior to trial, and had time to discuss it with counsel and with his family. Atkinson claims trial counsel suggested he reject the offer—he testified at an evidentiary hearing that he asked counsel: "Man, take a plea for something I didn't do, what would you do? . . . and he [said] . . . stand for what you believe in. If you're innocent, stand for your innocence." R., Vol. III, Case No. 04-CV-3478, Tr. of Hearing, 108. At the hearing, Atkinson's counsel recalled that he advised him to "not plea[d] to something that he didn't do." *Id.* at 70. When

questioned, Atkinson admitted that he understood rape to be a "serious matter," despite not knowing the exact sentencing guidelines, and that even if he had known that he was facing 155 months' imprisonment, he was unable to say, with any certainty, whether he would have accepted any plea, much less the particular one offered. *Id.* at 130-31.

Notably, as detailed by the state court, Atkinson maintained his innocence before, during, and after the trial, steadfastly maintaining that the events in this case were consensual rather than rape. *Atkinson II*, at *4-5.[1] On these grounds, the state court held: "Atkinson repeatedly and firmly claimed his innocence in this matter and desired a jury trial to obtain an acquittal . . . . Under these circumstances, Atkinson has not shown a reasonable probability that, but for his attorney's failure to inform him of the potential sentence for rape, he would have accepted the State's plea offer . . . . [therefore, the] conclusion of law that Atkinson failed to establish prejudice in this regard was supported by substantial evidence." *Id.* at *7. Since there was no prejudice, the state court stated it was unnecessary to consider counsel's performance. The district court below denied relief on the same grounds, finding that the state court adequately identified the correct legal standard and applied it reasonably, and we agree.

---

[1] In his brief to this court, Atkinson continues to describe his conviction as obtained "despite his steadfast assertions of innocence." Aplt. Br. at 1.

To satisfy the *Strickland* prejudice prong, "there must be a reasonable probability that but for incompetent counsel a defendant would have accepted the plea offer and pleaded guilty." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997) (citing *Hill*, 474 U.S. at 59). The Supreme Court recently reexamined the scope of effective assistance of counsel in a pair of cases, *Frye v. Missouri*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). In *Frye*, the Court held that defense counsel has an affirmative duty to communicate favorable plea offers to a defendant. 132 S. Ct. at 1408. There is no question that Atkinson's counsel communicated the plea offer prior to trial and that Atkinson had a chance to consider it prior to rejecting the offer. More relevant here, in *Lafler*, the Court held that to satisfy the *Strickland* prejudice prong, a defendant needs to show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 132 S. Ct. at 1385.

As the district court found, Atkinson's petition fails at the first step. In *Lafler*, in a communication to the court, the defendant "admitted guilt and expressed a willingness to accept the [plea] offer." *Id.* at 1383. Here, Atkinson

acknowledged his sexual encounter with the victim, but contended before, during, and after trial that it was consensual. In essence, the case turned on the credibility of the victim against Atkinson, and the jury found the victim to be more credible. As a result, this case is easily distinguishable from *Lafler* on the grounds that Atkinson was unable to meet the "but for" requirement that he would have accepted the plea, and so the state court's determination that he is unable to demonstrate prejudice under *Strickland* is not objectively unreasonable. *See also Carter*, 130 F.3d at 1437-38 (denying relief when counsel advises defendant to accept a plea offer and defendant declines to do so); *Reynolds v. Hannigan*, No. 95-3559-DES, 1999 WL 33177300, at *4 (D. Kan. Mar. 22, 1999) (denying habeas relief when record is clear that defendant would have proceeded to trial after maintaining his innocence, despite a very favorable plea offer).

AEDPA requires that we defer to the state court's application of *Strickland* unless no reasonable jurist could agree with that result. We cannot do so based on our own evaluation of the record and applicable law. Accordingly, Atkinson is not entitled to federal habeas relief.

# III. Conclusion

Based on the foregoing analysis, we DENY Atkinson's request for a COA and DISMISS his appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge